JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

T. CHRISTIAN HERREN, JR.
ROBERT S. BERMAN
DAVID G. COOPER (NY Bar #4683371)
NEAL R. UBRIANI (NY Bar #5139217)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 307-2767
Facsimile:  (202) 307-3961
Email:  david.cooper@usdoj.gov

Counsel for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>The State of Arizona; and Michele Reagan, Secretary of State of Arizona, in her official capacity,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT** |

The United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States of America under the Uniformed and Overseas Citizens Absentee Voting Act

("UOCAVA"), 52 U.S.C. §§ 20301 *et seq*.  UOCAVA requires that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office."  52 U.S.C. § 20302(a)(1).

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and brings this action for declaratory and injunctive relief to ensure that UOCAVA voters will have the opportunity to vote guaranteed by UOCAVA in Arizona's 2018 special election cycle to fill a vacancy in the State's Eighth Congressional District, and in future special elections for the House of Representatives.  This Court has jurisdiction of this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201.

3. Defendant State of Arizona is responsible for complying with UOCAVA and ensuring that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's terms.  52 U.S.C. § 20302.

4. Defendant Michele Reagan is the Arizona Secretary of State and is sued in her official capacity.  The Arizona Secretary of State is the chief state election officer and responsible for the coordination of state responsibilities under UOCAVA.  Ariz. Rev. Stat. § 16-142.

5. Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election.  52 U.S.C. § 20302(a)(8)(A).

6. Pursuant to the Arizona election code, when a vacancy occurs in the office of a representative in Congress more than six months prior to the next general election, the governor shall call a special primary election and special general election for at least 80 and no more than 90 days from the date of the occurrence of the vacancy.  Ariz. Rev. Stat. § 16-222(B).  On December 8, 2017, Representative Trent Franks resigned from Congress.  Representative Franks represented the Eighth Congressional District, which is

located entirely within Maricopa County.  The governor set February 27, 2018 as the date for the special primary election and April 24, 2018 as the date for the special general election.

7. Under Arizona's election code, candidates were required to file nominating petitions for the special primary election by January 10, 2018, and the deadline to file challenges to such nominating petitions was January 18, 2018.  Ariz. Rev. Stat. § 16-222(B).

8. The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the special primary election was January 13, 2018.  The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the special general election is March 10, 2018.

9. On January 12, 2018, the day before the UOCAVA transmission deadline, Maricopa County election officials transmitted ballots (the "original ballots") to all eligible UOCAVA voters who had requested them by that date.

10. Because of the possibility that changes to the ballot could result from challenges to a candidate's nominating petition, Maricopa County election officials included a notice with the original ballots explaining that the list of candidates was not yet final due to potential candidate nomination petition challenges, and the final list of candidates would not be confirmed until January 25, 2018.  The notice advised that an updated official ballot would be sent on that date.  It further advised that voters could choose to vote the enclosed ballot, or wait for the updated ballot; but, if they voted the enclosed ballot and cast their vote for a candidate who was subsequently disqualified, they would not be able to vote a second ballot or change their vote.

11. Some of the UOCAVA voters to whom original ballots were sent on January 12, 2018 received Republican Party, Libertarian Party, or Green Party ballots.  No challenges were ultimately filed by the January 18, 2018 deadline to the candidates on the Republican Party, Libertarian Party, or Green Party ballots.  Accordingly, on January 19, 2018, Maricopa County election officials sent a second notice to those voters explaining

1   that no candidate petition challenge had been filed for the Republican, Libertarian or
2   Green Party nomination. Therefore, eligible UOCAVA voters were notified that the
3   ballot transmitted on January 12, 2018 had not changed and voters should cast that
4   original ballot.  The notice further advised that the UOCAVA voters should return their
5   voted ballot so that it is received no later than 7:00 p.m. on Election Day, February 27,
6   2018.

7   12.   Some of the UOCAVA voters to whom original ballots were sent on January 12,
8   2018 received Democratic Party ballots.  These ballots (the "original Democratic
9   ballots") included the names of three candidates who had filed timely nominating
10  petitions.  Challenges were ultimately filed by January 18, 2018 to two of these three
11  candidates.   On January 23, 2018, a challenge to one of the Democratic Party candidates
12  was sustained by a state court, and the candidate was ordered removed from the ballot.
13  On January 23, 2018, Maricopa County election officials sent corrected ballots reflecting
14  this change (the "corrected Democratic ballots") to UOCAVA voters who had received
15  original Democratic ballots.  Along with the corrected Democratic ballots, election
16  officials included a notice explaining that one of the candidates listed on the ballot mailed
17  on January 12, 2018 had been removed pursuant to a court order.  Therefore, the notice
18  explained that the voter should cast a corrected ballot for the Democratic Party nominee,
19  which was enclosed with the notice.  The notice further advised the UOCAVA voters to
20  vote the corrected ballot included with the notice and to return it so that it is received by
21  7:00 p.m. on Election Day, February 27, 2018.

22  13.   The corrected Democratic ballots were transmitted either electronically or by
23  postal mail based on the voters' preferred transmittal method.  All UOCAVA voters have
24  the option to return their ballots by electronic upload, facsimile, or mail, regardless of
25  their previously requested transmittal method.

26  14.   Under Arizona law, ballots returned by UOCAVA voters must be received by
27  7:00 p.m. on Election Day to be counted.  *See* Ariz. Rev. Stat. §§ 16-547(C) and
28  16-551(C).  Accordingly, in order to be counted, the corrected Democratic ballots must

be received by 7:00 p.m. on February 27, 2018, which is 35 days after the date of transmittal of the corrected ballots.

15. The inability of the State to transmit the final absentee ballots to UOCAVA voters receiving a Democratic Party ballot by the 45th day before the February 27, 2018 special primary election for the House of Representatives violates Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A).

16. Furthermore, the notice sent to all UOCAVA voters for all parties on January 12 along with the original ballots encouraged voters to await further notice to submit their ballots, and to await receipt of an "updated official ballot." However, UOCAVA voters who received Republican Party, Libertarian Party, or Green Party ballots were never sent an "updated official ballot," and a second notice advising that there was no change to the ballot was not transmitted until January 19, 2018. To be counted, these original ballots must be received by February 27, 2018, which is 39 days after the date of transmittal of the second notice. As a result, these UOCAVA voters have been deprived of the meaningful opportunity to cast a ballot that UOCAVA's 45-day transmission deadline seeks to ensure, which violates Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A).

17. An order of this Court is now necessary to require Defendants to take corrective action to protect the rights granted by UOCAVA and to ensure that UOCAVA voters have sufficient opportunity under Federal law to receive, mark, and return their absentee ballots in time to be counted for the February 27, 2018 special primary election for the House of Representatives, and in future special elections for Federal office.

WHEREFORE, the United States asks this Court to hear this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that Defendants' inability to ensure that final absentee ballots were transmitted to UOCAVA voters at least 45 days in advance of the February 27, 2018 special primary

election for the House of Representatives violates Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A);

(2) Issue a declaratory judgment under 28 U.S.C. § 2201 that the provisions of the Arizona election code governing the schedule for special elections, to the extent they impede Defendants' ability to transmit final absentee ballots to UOCAVA voters at least 45 days in advance of any special election for the House of Representatives, violate Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A); and

(3) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

    (a) To take such steps as are necessary to ensure that UOCAVA voters have sufficient opportunity in accordance with UOCAVA to receive, mark, and return their ballots in time to have them counted for the 2018 special primary and general election for the House of Representatives;

    (b) To take such steps as are necessary to afford UOCAVA voters affected by the Court's order a reasonable opportunity to learn of the order;

    (c) To provide reports to the United States and the Court concerning the transmission, receipt, and counting of UOCAVA ballots for the 2018 special primary and general election for the House of Representatives pursuant to this Court's order; and

    (d) To take such other steps as are necessary to ensure that Arizona conducts all future special elections for the House of Representatives in compliance with UOCAVA.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date:  February 14, 2018

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

*/s/ David G. Cooper*
T. CHRISTIAN HERREN, JR.
ROBERT S. BERMAN
DAVID G. COOPER (NY Bar #4683371)
NEAL R. UBRIANI (NY Bar #5139217)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Rm. 7254 NWB
Washington, D.C. 20530
Telephone:  (202) 307-2767
Facsimile:  (202) 307-3961
Email:  david.cooper@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff**(s): **United States of American** | **Defendant**(s): **The State of Arizona ; Michele Reagan , Secretary of State** |
| County of Residence: Outside the State of Arizona | County of Residence: Maricopa |
| County Where Claim For Relief Arose: Maricopa | |

Plaintiff's Atty(s):

**David G. Cooper , Mr.**
**U.S. Department of Justice, Civil Rights Division**
**950 Pennsylvania Ave. NW, Rm. 7254 NWB**
**Washington, DC  20530**
**202-307-2767**

Defendant's Atty(s):

**Joseph E. La Rue , Mr.**
**Assistant Attorney General, State Government Division**
**2005 N. Central Ave.**
**Phoenix, Arizona  85007**
**602-542-1763**

<u>II. Basis of Jurisdiction</u>:     **1. U.S. Government Plaintiff**

<u>III. Citizenship of Principal Parties</u>
**(Diversity Cases Only)**
                   Plaintiff:- **N/A**
                  Defendant:- **N/A**

<u>IV. Origin</u> :     **1. Original Proceeding**

<u>V. Nature of Suit</u>:     **441 Voting**

<u>VI. Cause of Action</u>:     **Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. 20301 et seq. Inability to transmit ballots at least 45 days before election for federal office.**

<u>VII. Requested in Complaint</u>
                 Class Action: **No**
               Dollar Demand:
                 Jury Demand: **No**

<u>VIII. This case</u> **is not related** to another case.

Signature: <u>**David G. Cooper**</u>

      Date: <u>**2/14/2018**</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014

# SUPPLEMENTAL CIVIL COVER SHEET
# FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party | Party Type | Attorney(s) |
   |---|---|---|
   | United States of America | Plaintiff | David G. Cooper (NY Bar # 4683371)<br>Trial Attorney, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W., Rm. 7254 NWB<br>Washington, D.C. 20530<br>Telephone: (202) 307-2767 |
   | The State of Arizona | Defendant | Joseph E. La Rue (AZ Bar # 031348)<br>Assistant Attorney General<br>State Government Division<br>2005 N. Central Avenue<br>Phoenix, AZ 85007<br>Telephone: (602) 542-1763 |
   | Michele Reagan, Secretary of the State of Arizona, in her official capacity | Defendant | Joseph E. La Rue (AZ Bar # 031348)<br>Assistant Attorney General<br>State Government Division<br>2005 N. Central Avenue<br>Phoenix, AZ 85007<br>Telephone: (602) 542-1763 |

2. **Jury Demand:**
   Was a Jury Demand made in another jurisdiction?    Yes ◯    No ⦿
   If "Yes," by which party and on what date?

3. **Answer:**
   Was an Answer made in another jurisdiction?    Yes ◯    No ⦿
   If "Yes," by which party and on what date?

4. **Served Parties:**
   The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

5. **Unserved Parties:**
   The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
|  |  |
|  |  |
|  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**
   Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
|  |  |
|  |  |
|  |  |

7. **Claims of the Parties:**
   The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| Plaintiff United States of America | Inability to transmit ballots at least 45 days before election, Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. 20301 et seq. |
|  |  |
|  |  |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

Supp CV Cover Sheet (rev 8/20/2015)