1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| 9  United States of America, | No. CV-18-00505-PHX-DLR |
| 10                Plaintiff, | **CONSENT DECREE** |
| 11  v. | |
| 12  State of Arizona, et al., | |
| 13                Defendants. | |
| 14 | |

15

16      Before the Court is the parties' Joint Motion Requesting Expedited Entry of

17  Consent Decree.  (Doc. 2.)

18       Plaintiff United States of America initiated this action against the State of Arizona

19  ("State"); and Michele Reagan, the Secretary of State of Arizona, in her official capacity

20  (collectively "Defendants"), to enforce the requirements of the Uniformed and Overseas

21  Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C. § 20301 *et seq*.  The United

22  States' Complaint alleges a violation of UOCAVA arising from the Defendants' inability

23  to transmit final or corrected absentee ballots to some of Arizona's absent uniformed

24  services voters and overseas voters ("UOCAVA voters") by the 45th day before the

25  February 27, 2018 special primary election for the United States House of

26  Representatives, as required by Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. §

27  20302(a)(8).

28      The United States and Defendants, through their respective counsel, have

conferred and agree that this action should be settled without the delay and expense of litigation.    The parties share the goal of providing eligible UOCAVA voters with sufficient opportunity under Federal law to receive, cast and have their absentee ballots counted in the February 27, 2018 special primary election for Arizona's Eighth Congressional District.   The parties recognize that the Defendants' inability to transmit final or corrected absentee ballots to the UOCAVA voters at least 45 days before the special primary election resulted from the truncated special election schedule established by state law, specifically the application of deadlines for challenges to candidates' nominating signature petitions, and did not result from willful or unintentional negligence by the state and local election officials responsible for implementing federal and state election laws.   The parties have negotiated in good faith and agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA violation asserted by the United States.   Accordingly, the United States and Defendants stipulate and agree that:

1.   This action is brought by the Attorney General on behalf of the United States of America under UOCAVA.   52 U.S.C. § 20301 *et seq*.   UOCAVA provides that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 52 U.S.C. § 20302.

2.   The Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and this Court has jurisdiction of this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201.

3.   Defendant State of Arizona is responsible for complying with UOCAVA and ensuring that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's terms.   52 U.S.C. § 20302.

4.   Defendant Michele Reagan is the Arizona Secretary of State and is sued in her official capacity.    The Arizona Secretary of State is the chief state election officer and responsible for the coordination of state responsibilities under UOCAVA.   Ariz. Rev. Stat. § 16-142.

5. Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election.   52 U.S.C. § 20302(a)(8)(A).

6. Pursuant to the Arizona election code, when a vacancy occurs in the office of a representative in Congress more than six months prior to the next general election, the governor shall call a special primary election and special general election for at least 80 and no more than 90 days from the date of the occurrence of the vacancy.   Ariz. Rev. Stat. § 16-222(B).   On December 8, 2017, Representative Trent Franks resigned from Congress.   Representative Franks represented the Eighth Congressional District, which is located entirely within Maricopa County.   The governor set February 27, 2018 as the date for the special primary election and April 24, 2018 as the date for the special general election.

7. Under Arizona's election code, candidates were required to file nominating petitions for the special primary election by January 10, 2018, and the deadline to file challenges to such nominating petitions was January 18, 2018.   Ariz. Rev. Stat. § 16-222(B).

8. The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the special primary election was January 13, 2018. The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the special general election is March 10, 2018.

9. On or about January 8, 2018, recognizing that petition challenges might occur after the deadline to transmit UOCAVA ballots, the Defendants contacted the Department of Defense and inquired about the possibility of obtaining a waiver of UOCAVA's 45-day transmission requirement under 52 U.S.C. § 20302(g).   On or about January 10, 2018, the Department of Defense contacted the Defendants and explained that the state was not eligible to seek a UOCAVA waiver under the circumstances presented.

10. On January 12, 2018, the day before the UOCAVA transmission deadline, Maricopa County election officials transmitted ballots (the "original ballots") to all eligible UOCAVA voters who had requested them by that date.

11. Because of the possibility that changes to the ballot could result from challenges to a candidate's nominating petition, Maricopa County election officials included a notice with the original ballots explaining that the list of candidates was not yet final due to potential candidate nomination petition challenges, and the final list of candidates would not be confirmed until January 25, 2018.  The notice advised that an updated official ballot would be sent on that date.  It further advised that voters could choose to vote the enclosed ballot, or wait for the updated ballot; but, if they voted the enclosed ballot and cast their vote for a candidate who was subsequently disqualified, they would not be able to vote a second ballot or change their vote.  A copy of this notice is attached as Exhibit 1.

12. Some of the UOCAVA voters to whom original ballots were sent on January 12, 2018 received Republican Party, Libertarian Party, or Green Party ballots.  No challenges were ultimately filed by the January 18, 2018 deadline to the candidates on the Republican Party, Libertarian Party, or Green Party ballots.  Accordingly, on January 19, 2018, Maricopa County election officials sent a second notice to those voters explaining that no candidate petition challenge had been filed for the Republican, Libertarian or Green Party nomination. Therefore, eligible UOCAVA voters were notified that the ballot transmitted on January 12, 2018 had not changed and voters should cast that original ballot.  The notice further advised that the UOCAVA voters should return their voted ballot so that it is received no later than 7:00 p.m. on election day, February 27, 2018.  A copy of this notice is attached as Exhibit 2.

13. Some of the UOCAVA voters to whom original ballots were sent on January 12, 2018 received Democratic Party ballots.  These ballots (the "original Democratic ballots") included the names of three candidates who had filed timely nominating petitions.  Challenges were ultimately filed by January 18, 2018 to two of these three

candidates.   On January 23, 2018, a challenge to one of the Democratic Party candidates was sustained by a state court, and the candidate was ordered removed from the ballot. On January 23, 2018, Maricopa County election officials sent corrected ballots reflecting this change (the "corrected Democratic ballots") to UOCAVA voters who had received original Democratic ballots.   Along with the corrected Democratic ballots, election officials included a notice explaining that one of the candidates listed on the ballot mailed on January 12, 2018 had been removed pursuant to a court order. Therefore, the notice explained that the voter should cast a corrected ballot for the Democratic Party nominee, which was enclosed with the notice.  The notice further advised the UOCAVA voters to vote the corrected ballot included with the notice and to return it so that it is received by 7:00 p.m. on Election Day, February 27, 2018.   A copy of this notice is attached as Exhibit 3.

14.    The corrected Democratic ballots were transmitted either electronically or by postal mail based on the voters' preferred transmittal method.  All UOCAVA voters have the option to return their ballots by electronic upload, facsimile, or mail, regardless of their previously requested transmittal method.

15.   Under Arizona law, ballots returned by UOCAVA voters must be received by 7:00 p.m. on Election Day to be counted.   *See* Ariz. Rev. Stat. §§ 16-547(C) and 16-551(C).  Accordingly, in order to be counted, the corrected Democratic ballots must be received by 7:00 p.m. on February 27, 2018, which is 35 days after the date of transmittal of the corrected ballots.

16.  The truncated special election schedule established by Arizona law precluded the Defendants from transmitting final or corrected ballots to UOCAVA voters receiving a Democratic Party ballot by the 45th day before the February 27, 2018 special primary election for the House of Representatives, as required by Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8).

17.  Furthermore, the notice sent to all UOCAVA voters for all parties on January 12 along with the original ballots encouraged voters to await further notice to submit their

ballots, and to await receipt of an "updated official ballot."  However, UOCAVA voters who received Republican Party, Libertarian Party, or Green Party ballots were never sent an "updated official ballot," and a second notice advising that there was no change to the ballot was not transmitted until January 19, 2018.  To be counted, these original ballots must be received by February 27, 2018, which is 39 days after the date of transmittal of the second notice.  As a result, the Defendants were unable to provide these UOCAVA voters the meaningful opportunity to cast a ballot that UOCAVA's 45-day transmission deadline seeks to ensure.  52 U.S.C. § 20302(a)(8).

18. By agreeing to this consent decree, the Defendants seek to ensure that UOCAVA voters are not prejudiced because of the truncated special election schedule required by Arizona law.

19.  To avoid the burdens, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that Arizona's UOCAVA voters will have sufficient opportunity under Federal law to receive, mark and return their absentee ballots in time to be counted for the February 27, 2018 special primary election for the House of Representatives, the parties agree that this Court should enter an order as set forth below.

20.  The parties reserve the right to modify this agreement as necessary, subject to approval from the Court.  For example, Arizona law allows for the possibility of an automatic recount in a close election.  Ariz. Rev. Stat. § 16-661.  The parties will confer promptly after the special primary election is held and, if necessary, seek appropriate modification of this decree or other relief from the Court.

Accordingly, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA,

**IT IS ORDERED** as follows:

(1) To ensure that all eligible UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and to submit marked absentee ballots in time to be counted for the

February 27, 2018 special primary election for the House of Representatives, the Defendants shall ensure that Maricopa County election officials count: (a) all those original ballots transmitted to UOCAVA voters on January 12, 2018, but only if that ballot is the only ballot returned by the UOCAVA voter, (b) all those corrected ballots transmitted to UOCAVA voters on January 23, 2018, and (c) any Federal Write-In Absentee Ballots. In order for any ballot described in sections (a) – (c) above to be counted, the ballot must be otherwise valid under state law and meet the following transmittal criteria:

    a.  For ballots returned by postal or express mail: the ballot must be *executed and sent* by February 27, 2018 <u>and</u> be *received* by March 9, 2018 at 12:00 Noon Arizona time.

    b.  For ballots returned via any electronic submittal, including e-mail, facsimile, or electronic upload:  the ballot must be received by February 27, 2018 at 7:00 p.m. Arizona time.

(2) Defendants shall take such steps as are necessary to afford those eligible UOCAVA voters who have not already returned a final ballot for this election (i.e., a Republican, Green, or Libertarian ballot, or a corrected Democratic ballot) an opportunity to learn of this Court's order and to ensure that all such voters receive appropriate instructions explaining ballot return deadlines and the options and procedures for returning a ballot.  Maricopa County election officials have valid email addresses for all 375 UOCAVA voters eligible to vote in this special primary election and will transmit such notice by email no later than the next business day following entry of this Order by the Court.  If any such emailed notice to a voter is returned as undeliverable, the

notice shall be sent to the voter by United States Postal Service Express Overnight mail or other overnight delivery method if the voter is overseas, or by postal mail if the voter is not overseas. Such notice shall, at minimum: (a) ask UOCAVA voters who received Democratic Party ballots to confirm that they have received corrected Democratic ballots and no impediments exist for a timely return of the corrected ballot; (b) ask UOCAVA voters who received Republican Party, Libertarian Party, or Green Party ballots to confirm that they have received their original ballot and the additional notice regarding its finality and no impediments exist for a timely return of the original ballot; (c) explain the relevant deadlines for executing and returning all original and corrected ballots by electronic upload, facsimile, and postal mail; (d) explain to any voter who identifies impediments to a timely return of the ballot that it may be returned by the electronic upload and facsimile return options, or by United States Postal Service Express Overnight mail or other overnight delivery method with prepaid postage; and (e) provide appropriate contact information for additional assistance. A copy of Maricopa County election officials' planned notice is attached as Exhibit 4.

(3) The Defendants shall provide a report no later than two business days after entry of this Order by the Court in an agreed-upon format to the United States Department of Justice, confirming that each UOCAVA voter has been provided the individualized notice described in paragraph (2) above. If any UOCAVA voters have not been contacted by that date, Defendants shall continue

to attempt to contact such voters and shall provide the United States updates on an agreed upon schedule.

(4) Defendants shall file a report with this Court no later than March 31, 2018, in a format agreed upon by the parties, concerning the number of UOCAVA ballots received and counted for the February 27, 2018 special primary election.

(5) If necessary to ensure compliance with UOCAVA's 45-day transmission deadline of March 10 for the April 24, 2018 special general election, election results for the February 27, 2018 special primary election may be formally canvassed and certified in accordance with state law at any time prior to March 9, 2018 if the number of outstanding absentee ballots from UOCAVA voters that have not been returned could not mathematically alter the outcome of the election, subject to amendment, re-canvass, or re-certification to later add any votes from UOCAVA ballots accepted in accordance with this Court's Order.  Thus, under the circumstances described in this paragraph, Maricopa County election officials may transmit UOCAVA ballots for the April 24, 2018 special general election notwithstanding the possibility that the results of the special primary election may be subsequently re-canvassed and re-certified.  These procedures are designed to ensure that state and county election officials can maintain existing canvassing and certification deadlines for the special primary election and can timely transmit UOCAVA ballots to voters by the March 10, 2018 45-day deadline before the April 24, 2018 special general election.

(6) If, under the terms of paragraph (5), the results of the primary election are canvassed and certified before March 9, 2018 and

there are outstanding UOCAVA ballots that have not been received for a particular party's primary, and the canvassed and certified results for that party's primary show a margin sufficiently small so as to require an automatic recount under Ariz. Rev. Stat. § 16-661, the recount may proceed immediately under the procedures required by state law, and the results of the recount shall include all UOCAVA ballots required to be counted by this Order.

(7) If the transmission of UOCAVA ballots for the special general election is delayed up to five days beyond the March 10, 2018 deadline due to a delay in canvassing and certifying, or completing an automatic recount of, the results of the special primary election due to the extension of the ballot receipt deadline effected by this Order, the deadline for receipt of special general election ballots returned by UOCAVA voters by postal or express mail, and executed and sent by April 24, 2018, shall be extended beyond April 24, 2018 by the number of days past March 10, 2018 that the ballots were transmitted.  No later than two business days following the transmission of UOCAVA ballots for the special general election, the Defendants shall provide a report to the United States Department of Justice specifying the date of transmission of UOCAVA ballots for the special general election, the number of UOCAVA ballots transmitted by method of transmission, and a copy of any notice of receipt deadline extension provided to UOCAVA voters.

(8) In the event the ballot receipt deadline for the special general election is extended beyond April 24, 2018 under the terms of the preceding paragraph, election results for the special general

election may be formally canvassed and certified in accordance with state law at any time prior to the ballot receipt deadline if the number of outstanding absentee ballots from UOCAVA voters could not mathematically alter the outcome of the election, subject to amendment or re-certification to later add any votes from UOCAVA ballots accepted in accordance with this Court's Order.

(9) Should it at any time appear that, due to a delay in canvassing and certifying, or completing an automatic recount of, the results of the special primary election due to the extension of the ballot receipt deadline effected by this Order, Maricopa County election officials will be unable to transmit UOCAVA ballots for the special general election by March 15, 2018, the Defendants shall promptly notify the United States of the circumstances causing the expected delay, and the parties shall meet and confer to discuss appropriate modification of this Order and other necessary relief from this Court, such as express delivery and return of UOCAVA ballots, alternative transmission methods for UOCAVA ballots, additional notice to UOCAVA voters, and/or other appropriate remedial measures.

(10) Defendants shall take such actions as are necessary to assure that UOCAVA voters shall have a fair and reasonable opportunity to participate in future Federal elections, including proposing legislation and taking any administrative actions needed to fully remedy potential UOCAVA violations arising from Arizona law governing the State's special election calendar.  The parties agree to confer on the progress of these efforts, and Defendants shall

provide a status report to the United States Department of Justice by June 30, 2018.

The Court shall retain jurisdiction over this action through September 30, 2018, to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree, including entry of such other relief as may be necessary to abate any violation of UOCAVA.

Dated this 15th day of February, 2018.


_____
Douglas L. Rayes
United States District Judge